BILL MATTINGLY v. THE STATE.

1. PERJURY — INDICTMENT. — Either from the facts alleged, or by direct averment, the false testimony must plainly appear to have been material to the issue, or to the ends of public justice, in the matter undergoing investigation when it was given.   *Immaterial false testimony respecting such matter is not perjury.*

2. SAME — CASE STATED. — In an indictment for perjury, the alleged false statement was the defendant's denial, while testifying before the grand

jury, that he had sold intoxicating liquors during the preceding twelve months in a county where the "local-option" law was in force. The traverse of the false statement averred that he had, within the said period and county, sold such liquors, but omitted a denial that the sales were for sacramental or such medical purposes as the local-option law exempts. *Held*, that the indictment fails to show on its face that the false statement was a material one, and is therefore defective in substance.

3. The Bill of Rights provides that no one shall be compelled to give evidence against himself; but this is a right which may be waived, and confers no immunity for false testimony.

Appeal from the District Court of Jasper. Tried below before the Hon. H. C. Pedigo.

The opinion sufficiently states the case.

*T. D. Rock*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a judgment of the District Court by which the appellant was convicted of the offence of perjury.

The sufficiency of the indictment, which was called in question in the court below by motion in arrest of judgment, forms the first and most important subject of inquiry presented by this appeal. The perjury assigned is in an alleged false oath taken before the grand jury, during an investigation into violations of the act of the Legislature commonly known as the "local-option law," and in answer to a question propounded to the defendant by the foreman of the grand jury, set out in the indictment. We here set out such portion of the indictment as charges the offence, including the question and the answer upon which the charge of perjury rests.

After seemingly appropriate averments as to the meeting of the court and the organization of the grand jury, the authority of the foreman to administer the oath averred to be false and that the law was in force in Jasper County at the time, that it was the duty of the grand jury to inquire

into violations of the local-option law, and the appearance of the defendant before that body in session and his having been duly sworn by the foreman, the indictment charges substantially as follows: ''That the foreman, while the said Bill Mattingly was then and there testifying as a witness before said grand jury and acting under his oath administered to him as aforesaid, propounded to him, the said Bill Mattingly, the following question, to wit: ' Have you sold any whiskey or other intoxicating liquor, within the limits of Jasper County, within the past twelve months, to any person, or have you known any one else to sell any whiskey or other intoxicating liquor to any person within the limits of said Jasper County within the past twelve months?' To which question the said Bill Mattingly then and there, on the said 28th day of November, A. D. 1878, in said county of Jasper, before said grand jury while they were in regular session, in response to said question, stated and answered that he had not sold any whiskey or other intoxicating liquor, within the limits of said Jasper County, at any time during the past twelve months, and that he did not know of any one else who had, which said answer of the said Bill Mattingly was then and there false and untrue; and that said false statement and answer so made was then and there by the said Bill Mattingly wickedly, wilfully, unlawfully, falsely, feloniously, corruptly, deliberately, and knowingly made, for in truth and in fact the said Bill Mattingly had himself sold,'' — proceeding to set out two separate sales by the defendant to two. different persons and at different times, within the limits of the county and within the period of twelve months. The indictment also avers that the question and the answer alleged to be false were necessary and material '' for the ends of justice.''

Either from facts alleged, or by direct averment, the evidence which is charged as having been false must appear to have been material to the issue (2 Bishop's Cr. Proc., sect. 915), or material for the ends of public justice, in the

matter undergoing investigation when the alleged falsehood
was spoken. The oath being taken in an inquiry as to the
act to prohibit the sale, etc., of intoxicating liquors, etc.,
of June 24, 1876 (Gen. Laws 1876, p. 26), it becomes
necessary to inquire whether the act complained of, and
which was denied by the defendant in his answer to the
question of the foreman of the grand jury, was in itself a
violation of the act, for which a prosecution would lie, as
the same is set out in the indictment. The question is not
whether similar averments against one accused of violating
its provisions would be sufficient, but do the averments
sufficiently charge perjury in the testimony given before
the grand jury.

By reference to the statute it will be seen that the sale of
whiskey or other intoxicating liquor is not *per se* a violation
of the local-option law. It is provided in the first section
of the act that nothing contained in it " shall be so construed
as to prohibit the sale of wines for sacramental purposes, nor
alcoholic stimulants as medicines in case of actual sickness,
when sold upon the written prescription of a regular prac-
tising physician, certifying to its actual necessity as a medi-
cine." So that whilst in an indictment for violating the law
it might or might not be necessary to aver negatively the
proviso, yet when it is sought to hold one charged with
perjury for having testified before the grand jury simply
that he had not sold whiskey or other intoxicating liquor, it
should also have been stated that the sale was not within
the proviso, as without this the law would not have been vio-
lated. Whether the matter contained in the proviso should
be averred in the indictment, or whether it is matter of
defence, still the fact remains that a violation of the pro-
visions of the law must be made to appear from the body
of the section as well as the proviso, in an indictment like
the one here under consideration. To our minds, less than
this would not set out in plain language the materiality of
the alleged false statement. The different sales averred in

the indictment to have been made by the defendant, of a bottle of whiskey at two different times and to different persons, could have been made strictly within the provisions of the law, and this may have been the case; but whether so or not the indictment does not state.

Our Penal Code defines the crime of perjury as being a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, when such oath or affirmation is legally administered under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defence of any private right, or for the ends of public justice. Penal Code, art. 287; Rev. Penal Code, art. 188. And oaths legally taken before a grand jury are included in the description of this offence. Penal Code, art. 290 *a*; Rev. Penal Code, art. 192. The statement of any circumstance utterly immaterial to the matter in respect to which the declaration is made is not perjury. Penal Code, art. 221; Rev. Penal Code, art. 193. An indictment for perjury " must state the acts and things done and said by the defendant; with such facts and circumstances connected with them, with such fulness and particularity for it to appear plainly and intelligibly that the matter wherewith he is charged contains the essential constituents in the definition of the offence." *The State* v. *Peters*, 41 Texas, 7; *Smith* v. *The State*, 1 Texas Ct. App. 620; *West* v. *The State*, at the present term, *ante*, p. 119.

Because the indictment does not show upon its face that the act which it is averred the defendant did, and which he alleged he did not do, was any violation of law, the materiality of the alleged false statement does not appear from the face of the indictment, and for this reason the indictment does not charge any offence against the law; and for this reason the motion in arrest of judgment should have prevailed.

It is urged in behalf of the appellant that perjury could not be assigned upon an oath taken before a grand jury, which oath in its character was in effect his own testimony used against himself; and in support of this position we are referred to the provisions of the Constitution which declare that in criminal prosecutions certain rights are guaranteed to the accused, and among them that "he shall not be compelled to give evidence against himself." We are of opinion that when the witness was asked any question by the grand jury which tended to criminate himself he was at liberty to decline to answer it, and if he had so done the law would have protected him in his refusal. Still, this was a personal privilege accorded by law to the witness himself, and which he was authorized to claim or decline. But, from the view we have taken of the indictment, it is not material that there should be any ruling on this or on many other questions presented by bills of exception in the record and discussed in the brief of counsel for the appellant.

Because the indictment upon which the appellant was tried and convicted is defective and insufficient to sustain the conviction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*